**IN THE UNITED STATES DISTRICT COURT IN AND FOR THE
NORTHERN DISTRICT OF FLORIDA, TALLAHASSEE DIVISION**

**MOON LEE**                                           **CIVIL ACTION**

**Plaintiff**                                                **CASE #**

**v.**
**UNIVERSITY OF FLORIDA**

**UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES,**

**Defendants**

**COMPLAINT FOR ACTUAL DAMAGES, PUNITIVE DAMAGES,
ATTORNEY'S FEES, COURT COSTS AND A JURY TRIAL**

Plaintiff, Moon Lee, sues the University of Florida, and the University of Florida

Board of Trustees, John Doe, and Jane Doe, (here and after called Defendant) and

alleges:

**JURISDICTION AND VENUE**

1) This is an action pursuant to Title VII of the Civil Rights Act of 1964, as

    codified in Title 42 United States Code section 2000e to 2000e-17, the Florida

    Civil Rights Act as codified in Florida Statutes, Chapter 768 Florida Statutes

    (Negligence), Federal, and State of Florida common laws, and any other

    appropriate State of Florida, or Federal law for: 1). Employment based

    discrimination based on Plaintiff's National Origin, 2). Employment

    discrimination based on Plaintiff's sex (Female), 3). Employment based

    discrimination based on Retaliation, 4). Retaliatory Constructive Discharge.

2) Specifically, Plaintiff was subject to different (worse) employment terms and

conditions, because of 1). Plaintiff's Nation of Origin, (Korea) 2). sex (Female), and 3). Defendant's Retaliation on Plaintiff for her having made charges, testifying, assisting, and participating in enforcement proceedings concerning Defendant's unlawful employment practices.

3) Jurisdiction is also specifically conferred upon this United States District Court by Title 28 United States Code sections 1331 and 1343.

4) Specifically, Defendant's unlawful employment practices, and negligent acts are responsible for grievous lifelong injuries to Plaintiff.

5) Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, and all jurisdictional requirements for coverage have been met.

6) Venue is proper in this judicial district in that all acts relevant to this suit occurred in this judicial district, 29 U.S.C. §1391(b), and at all times relevant to this action, Defendant was conducting business in this judicial district.  At all times relevant Defendant had in excess of 1,500 total employees in the state of Florida.

## **CONDITIONS PRECEDENT**

7) Plaintiff alleges that all conditions precedent to filing this lawsuit have occurred or have been performed.

8) On Jan 3, 2022, Plaintiff filed charges concerning Defendant's unlawful employment practices with the Equal Employment Opportunity Commission (EEOC Case # 15D-2022-00355).

9) In September 2022, Plaintiff received the EEOC Notice of Right to Sue (EEOC Case # 15D-2022-00355).

## PARTIES

10)     Defendant The University of Florida ("UF") is a public land-grant research university in Gainesville, Florida. It is a senior member of the State University System of Florida, traces its origins to 1853, and has operated continuously on its Gainesville campus since September 1906.  After the Florida state legislature's creation of performance standards in 2013, the Florida Board of Governors designated the University of Florida as a "preeminent university". For 2022, U.S. News & World Report ranked Florida as the fifth (tied) best public university and 28th (tied) best university in the United States. The University of Florida is the only member of the Association of American Universities in Florida and is classified among "R1: Doctoral Universities – Very high research activity".  The university is accredited by the Southern Association of Colleges and Schools (SACS). It is the third largest Florida university by student population, and is the fifth largest single-campus university in the United States with 57,841 students enrolled for during the 2020–21 school year.[18] The University of Florida is home to 16 academic colleges and more than 150 research centers and institutes. It offers multiple graduate professional programs—including business administration, engineering, law, dentistry, medicine, pharmacy and veterinary medicine—on

one contiguous campus, and administers 123 master's degree programs and 76 doctoral degree programs in eighty-seven schools and departments. The university's seal is also the seal of the state of Florida, which is on the state flag, though in blue rather than multiple colors. The University of Florida's intercollegiate sports teams, commonly known as the "Florida Gators", compete in National Collegiate Athletic Association (NCAA) Division I and the Southeastern Conference (SEC). In their 111-year history, the university's varsity sports teams have won 45 national team championships, 40 of which are NCAA titles, and Florida athletes have won 275 individual national championships.[19] In addition, as of 2021, University of Florida students and alumni have won 143 Olympic medals, including 69 gold medals. At all times relevant to this action, Defendant had 1,500 or total employees in the state of Florida.

11) Plaintiff is a Korean female.

## STATEMENT OF FACTS

12) In August 2009, Plaintiff was hired as an associate professor with tenure in the College of Journalism and Communications at the University of Florida.

13) According to her employment agreement, Plaintiff was to:

a. Teach two (one undergraduate and one graduate) classes per semester.

b. Conduct Research and Produce Scholarly Publications.

    c.     Provide Service to the Department, College, University, and Academic Communities.

14)     The Employer was to

    a.    Offer promotional opportunities (e.g. tenure and promotion opportunities).

    b.    Offer faculty development opportunities (e.g. a paid sabbatical semester/year).

    c.    Ensure fair review of promotion applications in accordance with CBA, U.F. Faculty. Handbook, and Faculty Tenure and Promotion Standards and Criteria in a specific discipline.

15)     All questions of tenure and promotion were to be controlled by three governing documents:

    a.    The Collective Bargaining Agreement (CBA)

    b.    U.F. Faculty Handbook

    c.    Faculty Tenure and Promotion Standards and Criteria Specific in Specific Discipline (i.e. the 2009 edition of the College's Faculty Tenure and Promotion Standards and Criteria).

16)     Before her employment at the University of Florida, Plaintiff was a tenured associate professor at Washington State University (2001 to 2009).

17)     In August 2013, Plaintiff applied for promotion to full professor.

18)   In August 2013, Plaintiff was asked to pull her application from its process because it was claimed that one outside reviewer did not strongly endorse her application for promotion.  (The Employer refused to identify the external reviewer.)

19)   In September 2013, Plaintiff followed her employer's request and withdrew her application from consideration.

20)   In August 2014: Plaintiff applied for promotion with:

   a.   The Strong endorsement of her dean,

   b.   The Strong endorsement of her department chair,

   c.   The Strong endorsement of her college committees,

   d.   The Strong endorsement of her senior department faculty,

   e.   The Strong endorsement of her and all outside reviewers.

21)   In short, the Plaintiff had the Strong endorsement from all levels of review.

22)   In fall 2015, Plaintiff applied for a sabbatical with full pay, but her application for the year with full pay was denied.  She only received a sabbatical with half pay.

23)   At the same time, a similarly situated (but less qualified) white male professor who was born in the United States received a sabbatical with full pay.

24)   Plaintiff requested to know the reason that her employer was punishing

her.

25)     The Employer made the false claim that said that Plaintiff had not indicated that her application was for a year of sabbatical with full pay.

26)     Plaintiff's application the sabbatical clearly indicated that it was for a year with full pay.

27)     In June 2015, The Employer denied her promotion, but again refused to provide any reason for the denial.

28)     In June 2015, the Employer promoted a similarly situated, (but less qualified), white male, who was born in the United States to Full Professorship.

29)     Fall 2016: Plaintiff returned from sabbatical.

30)     From Plaintiff's returned from sabbatical in Fall 2016 to her retaliatory constructive discharge in Spring 2021, the Defendant retaliated against Plaintiff by consistently breaching her employment agreement by:

a. Changing her teaching assignments from teaching two graduate courses and two undergraduate courses to three undergraduate classes and one graduate course.

b. Assigning her to research method classes that are traditionally considered difficult to teach and yield lower student teaching evaluations.

c. Increasing Plaintiff's service load dramatically.

d. Actively denying admittance to applicants for no reason other than the applicant

expressed their interest in working with Plaintiff.

e.  Actively assigning Ph.D. applicants who expressed their interest to work with Plaintiff to other faculty members.

f.  Going out of its way to limit Plaintiff's opportunities to work with, and to mentor graduate students.

31)     In August 2018: Plaintiff applied for promotion to full professor.

32)     In December 2018: Plaintiff was asked to pull her application from its process due to a false claim leveled against her by Defendant.

33)     In January 2019: knowing that the claim leveled against her by Defendant was unfounded, the Plaintiff refused to pull her application from its process.

34)     In June 2019: The Employer denied her promotion.

35)     The Employer refused to provide any reason for the denial.

36)     In August 2019: The United Faculty of Florida filed a grievance against The Employer for violating its Collective Bargaining Agreement (CBA) on behalf of the Plaintiff.

37)     In June 2021: Plaintiff received her first unsatisfactory rating on Research in her annual evaluation from the Employer.

38)     In November 2021: Plaintiff won the Arbitration that concluded that the Employer violated CBA agreements.

39)     In November 2021: Plaintiff won the Arbitrator ordered employer to redo

the 2019 promotion process.

40)     The employer has failed to make a good faith effort to follow the Arbitration order and has increased its retaliatory actions against Plaintiff.

41)     Defendant's intentional constant unlawful retaliatory acts caused the Plaintiff's working conditions to be so intolerable that she was forced to resign, resulting in Plaintiff's constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

42)     In retaliation for her seeking the protection of federal discrimination laws Employer has (and is continuing to) intentionally, willfully, illegally, and maliciously damaged Plaintiff's professional reputation, and severely limit her future career opportunities.

43) On Jan 3, 2022, Plaintiff filed charges concerning Defendant's unlawful employment practices with the Equal Employment Opportunity Commission (EEOC Case # 15D-2022-00355).

44)     In September 2022, Plaintiff received the EEOC Notice of Right to Sue (EEOC Case # 15D-2022-00355).

**<u>GENERAL EMPLOYMENT DISCRIMINATION INFORMATION</u>**

45) Plaintiff was treated differently (worse) than similarly situated white male employees who were born in the United States.

46) Defendant provided benefits to similarly situated white male employees who were born in the United States, that were not provided to the female

American of Korean nation of Origin employee.

47) Plaintiff alleges that Defendant violated Chapter 760 of the Florida Civil Rights Act, Title VII (of the Civil Rights Act of 1964), and other federally protected rights by engaging in the discriminatory practice of retaliating against Plaintiff for her having made charges, testifying, assisting, and participating in enforcement proceedings concerning Defendant's unlawful employment practices.

48) Plaintiff was subject to different (adverse) employment terms and conditions than similarly situated co-workers in retaliation for her filing discrimination charges against her employer.

49) Plaintiff was under humiliating near constant, very public, surveillance from her supervisor.

50) Similarly situated employees that have not filed discrimination charges against the Defendant have not been subjected to this intentional embarrassment, harassment, and intimidation.

51) Defendant's Retaliatory acts included, but were not limited to breaching her employment agreement by:

a.  Wrongfully denying her promotion to the rank of full Professor, (while at the same time, providing the benefit to a similarly situated (but less qualified) white male professor who was born in the United States).

b. Wrongfully denying her a sabbatical with full pay, (while at the same time, providing the benefit to a similarly situated (but less qualified) white male professor who was born in the United States).

c. Changing her teaching assignments from teaching two graduate courses and two undergraduate courses to three undergraduate classes and one graduate course.

d. Assigning her to research method classes that are traditionally considered difficult to teach and yield lower student teaching evaluations.

e. Increasing Plaintiff's service load dramatically.

f. Actively denying admittance to applicants for no reason other than the applicant expressed their interest in working with Plaintiff.

g. Actively assigning Ph.D. applicants who expressed their interest to work with Plaintiff to other faculty members.

h. Going out of its way to limit Plaintiff's opportunities to work with, and to mentor graduate students.

i. In June 2021: Plaintiff received her first unsatisfactory rating on Research in her annual evaluation from the Employer.

j. Employer has (and is continuing to) intentionally, willfully, illegally, and maliciously damaged Plaintiff's professional reputation, and severely limit her future career opportunities.

52) Defendant's intentional constant unlawful retaliatory acts caused the Plaintiff's working conditions to be so intolerable that she was forced to resign, resulting in Plaintiff's constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

53) Plaintiff alleges that the above stated facts demonstrate that Defendant engaged in an illegal employment practice with premeditated malice in violation of Title VII of the Civil Rights Act of 1964, and other federally protected rights of the Plaintiff.

**The University of Florida's College of Journalism and Communication systemically denes tenure and/or promotion of ALL Korean Women of Color**

54)     Youjin Choi was denied tenure and was forced to leave the University.

55)     Hoe Jin Kim was denied tenure and was forced to leave the University.

56)     Plaintiff has been repeatedly denied promotion to full Professor.

### COUNT 1
### EMPLOYMENT DISCRIMINATION BASED ON
### PLAINTIFF'S NATION OF ORIGIN

57) This is a claim for employment discrimination based on Plaintiff's Nation of Origin (Korean).

58) The allegations of paragraphs 1 through 53 are realleged as if fully restated herein.

59) Plaintiff was treated differently (worse) than similarly situated employees who was born in the United States.

60) Defendant provided benefits to similarly situated employees who was born in the United States that were not provided to Plaintiff.

61) Plaintiff's employment relationship with Defendant was adversely affected by Employer's illegal employment actions.

62) By subjecting Plaintiff to unequal treatment based on her Nation of Origin, Defendant violated chapter 42 United States Code section 2000e-2.

63) Plaintiff alleges that the above stated facts demonstrate that Defendant engaged in a discriminatory practice with premeditated malice in violation of Title VII of the Civil Rights Act of 1964, and other federally protected rights of the Plaintiff.

64) Alternatively, Plaintiff alleges that the above stated facts demonstrate that Defendant engaged in a discriminatory practice with reckless indifference to Title VII of the Civil Rights Act of 1964, and other federally protected rights of the Plaintiff.

65) **WHEREFORE**, Plaintiff, demands judgment against Defendant for the following relief: 1) a judgment declaring that Defendant's acts were discriminatory and violated Title VII of the Civil Rights Act of 1964, 2) an award covering back pay, benefits, and other damages, 3. Reemployment as a full Professor in the College of Mass Communication at the University of Florida, 4) attorney's fees pursuant to statute, 5) court costs, and 6) any other

relief the court finds appropriate in this case.

<u>COUNT 2</u>
<u>EMPLOYMENT DISCRIMINATION BASED ON PLAINTIFF'S SEX</u>

66) This is a claim for employment discrimination based on Plaintiff's Sex (Female).

67) The allegations of paragraphs 1 through 53 are realleged as if fully restated herein.

68) Plaintiff was treated differently (worse) than similarly situated male employees.

69) Defendant provided benefits to the male employees that were not provided to Plaintiff.

70) Plaintiff's employment relationship with Defendant was adversely affected by Employer's illegal employment actions.

71) By subjecting Plaintiff to unequal treatment based on her sex, Defendant violated chapter 42 United States Code section 2000e-2.

72) Plaintiff alleges that the above stated facts demonstrate that Defendant engaged in a discriminatory practice with premeditated malice in violation of Title VII of the Civil Rights Act of 1964, and other federally protected rights of the Plaintiff.

73) Alternatively, Plaintiff alleges that the above stated facts demonstrate that Defendant engaged in a discriminatory practice with reckless indifference to

Title VII of the Civil Rights Act of 1964, and other federally protected rights of the Plaintiff.

74) **WHEREFORE**, Plaintiff, demands judgment against Defendant for the following relief: 1) a judgment declaring that Defendant's acts were discriminatory and violated Title VII of the Civil Rights Act of 1964, 2) an award covering back pay, benefits, and other damages, 3. Reemployment as a full Professor in the College of Mass Communication at the University of Florida, 4) attorney's fees pursuant to statute, 5) court costs, and 6) any other relief the court finds appropriate in this case.

## COUNT 3
## EMPLOYMENT DISCRIMINATION BASED ON RETALIATION

75) This is a claim for employment Retaliation.

76) The allegations of paragraphs 1 through 53 are realleged as if fully restated herein.

77) Defendant engaged in the discriminatory practice of retaliation with premeditated malice against her in violation of Plaintiff's Chapter 760 of the Florida Civil Rights Act, Title VII (of the Civil Rights Act of 1964), and other federally protected rights.

78) Plaintiff was subject to different (adverse) employment terms and conditions than similarly situated co-workers in retaliation for her having made charges, testifying, assisting, and participating in enforcement proceedings concerning

Defendant's unlawful employment practices (Retaliation), Defendant violated Title VII of the Civil Rights Act of 1964, as codified in Title 42 United States Code section 2000e to 2000e-17.filing discrimination charges against her employer.

79) The plaintiff was under near constant, very public, surveillance from her employer.

80) Similarly situated employees that have not filed discrimination charges against the Defendant have not been subjected to this intentional embarrassment, harassment, and intimidation.

81) Defendant's Retaliatory acts included, but were not limited to breaching her employment agreement by:

a. Wrongfully denying her promotion to the rank of full Professor, (while at the same time, providing the benefit to a similarly situated (but less qualified) white male professor who was born in the United States).

b. Wrongfully denying her a sabbatical with full pay, (while at the same time, providing the benefit to a similarly situated (but less qualified) white male professor who was born in the United States).

c. Changing her teaching assignments from teaching two graduate courses and two undergraduate courses to three undergraduate classes and one graduate course.

d. Assigning her to research method classes that are traditionally considered difficult to teach and yield lower student teaching evaluations.

e. Increasing Plaintiff's service load dramatically.

f. Actively denying admittance to applicants for no reason other than the applicant expressed their interest in working with Plaintiff.

g. Actively assigning Ph.D. applicants who expressed their interest to work with Plaintiff to other faculty members.

h. Going out of its way to limit Plaintiff's opportunities to work with, and to mentor graduate students.

i. In June 2021: Plaintiff received her first unsatisfactory rating on Research in her annual evaluation from the Employer.

j. Employer has (and is continuing to) intentionally, willfully, illegally, and maliciously damaged Plaintiff's professional reputation, and severely limit her future career opportunities.

82) Plaintiff alleges similarly situated employees that have not filed discrimination charges against the Defendant have not been subjected to this intentional embarrassment, harassment, and intimidation.

83) By subjecting Plaintiff to unequal treatment based on her having made charges, testifying, assisting, and participating in enforcement proceedings concerning Defendant's unlawful employment practices (Retaliation), Defendant violated

Title VII of the Civil Rights Act of 1964, as codified in Title 42 United States Code section 2000e to 2000e-17.

84) Plaintiff alleges that the above stated facts demonstrate that Defendant engaged in a discriminatory practice with premeditated malice in violation of Title VII of the Civil Rights Act of 1964, and other federally protected rights of the Plaintiff.

85) Alternatively, Plaintiff alleges that the above stated facts demonstrate that Defendant engaged in a discriminatory practice with reckless indifference to Title VII of the Civil Rights Act of 1964, and other federally protected rights of the Plaintiff.

86) **WHEREFORE**, Plaintiff, demands judgment against Defendant for the following relief: 1) a judgment declaring that Defendant's acts were discriminatory and violated Title VII of the Civil Rights Act of 1964, 2) an award covering back pay, benefits, and other damages, 3. Reemployment as a full Professor in the College of Mass Communication at the University of Florida, 4) attorney's fees pursuant to statute, 5) court costs, and 6) any other relief the court finds appropriate in this case.

## <u>COUNT 4</u>
## <u>RETALIATORY CONSTRUCTIVE DISCHARGE</u>

87)  This is a claim for retaliatory constructive discharge.

88)  The allegations of paragraphs 1 through 53 are realleged as if fully restated

herein.

89)   Defendant engaged in the discriminatory practice of retaliation with premeditated malice against her in violation of Plaintiff's Chapter 760 of the Florida Civil Rights Act, Title VII (of the Civil Rights Act of 1964), and other federally protected rights.

90)   Plaintiff was subject too different (adverse) employment terms and conditions than similarly situated co-workers in retaliation for her filing discrimination charges against her employer.

91)   Plaintiff was under near constant, very public, surveillance from her supervisor.

92)   Defendant's Retaliatory acts included, but were not limited to, intentionally embarrassing, harassing, and intimidating Plaintiff.

93)   Defendant's intentional, constant, unlawful, retaliatory, acts caused the Plaintiff's working conditions to be so intolerable that she was forced to resign, resulting in Plaintiff's constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

94)   Plaintiff alleges that the above stated facts demonstrate that Defendant engaged in an illegal employment practice with premeditated malice in violation of the Civil Rights Act of 1964, and other federally protected rights of the Plaintiff.

95)    Alternatively, Plaintiff alleges that the above stated facts demonstrate that

Defendant engaged in an illegal employment practice with reckless indifference

to the Civil Rights Act of 1964, and other federally protected rights of the

Plaintiff.

**WHEREFORE**, Plaintiff, demands judgment against Defendant for the following

relief: 1) a judgment declaring that Defendant's acts were discriminatory and violated

Title VII of the Civil Rights Act of 1964, 2) an award covering back pay, benefits, and

other damages, 3. Reemployment as a full Professor in the College of Mass

Communication at the University of Florida, 4) attorney's fees pursuant to statute, 5)

court costs, and 6) any other relief the court finds appropriate in this case.

### <u>JURY TRIAL REQUEST</u>

Plaintiff, Moon Lee, requests a trial by jury.


Respectfully submitted the 14th day of December 2022


s/George E. Harth, ESQUIRE
GEORGE E. HARTH,
ESQUIRE
P.O. Box 13115
Gainesville, Florida 32604
Telephone: (352) 275-2666
Email gharth@harth-law.com
Florida Bar No. 0682421
Attorney for the Plaintiff

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on this 14th day of December 2022, a true and correct copy of the foregoing was electronically filed in the US District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record**.**

<u>s/George E. Harth, ESQUIRE</u>
GEORGE E. HARTH, ESQUIRE