MOON LEE,

     Plaintiff,

v.                                        Case No.: 1:22-cv-00340-MW-ZCB

UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES,

     Defendant.

_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant the University of Florida Board of Trustees, pursuant to Local Rule 56.1(D), files this reply memorandum to *Plaintiff's Response [in] Opposition to Defendant's Motion for Summary Judgment* (ECF No. 56).[1]

### I.    Plaintiff has abandoned her Florida Civil Rights Act Claims

Plaintiff has abandoned her Florida Civil Rights Act ("FCRA") claims. In the Motion for Summary Judgment, Defendant asserts that Plaintiff's claims under the FCRA are barred because the Florida Commission on Human Relations ("Commission") determined, within 180 days of Plaintiff's filing of her charge of discrimination, that there was not reasonable cause to believe that a violation of the

---

[1] In accordance with Local Rule 56.1(D), the discussion in this memorandum is limited to matters not addressed in Defendant's original memorandum.

FCRA occurred, and Plaintiff failed to file a request for an administrative hearing within 35 days of the Commission's determination. ECF No. 52 at 16. Plaintiff does not address this issue in her opposition memorandum.

Eleventh Circuit precedent is clear that "a ground not pressed in the district court in opposition to a motion for summary judgment is to be treated by the district court as abandoned." *Doe v. Magical Cruise Co. Ltd.*, 23-12816, 2024 WL 3649037, at *5 (11th Cir. Aug. 5, 2024) (quoting *Rd. Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994)). "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). "Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." *Id.* "[A] non-movant's silence on an issue after a movant raises the issue in a summary judgment motion is construed as an abandonment of the claim." *Mosley v. Alabama Unified Judicial Sys., Admin. Office of Courts*, 562 Fed. Appx. 862, 866 (11th Cir. 2014) (*citing Resolution Trust*, 43 F.3d at 599). Plaintiff, by failing to respond to Defendant's argument's that Plaintiff's FCRA claims are barred, has abandoned the claims.

II. **Plaintiff has abandoned her Title VII and FCRA disparate treatment claims in Counts I, I(A), II, and II(A)**

In the Motion for Summary Judgment, Defendant argues that Plaintiff's discrimination claims under Title VII (Counts I and II) are barred because Plaintiff failed to file a charge of discrimination within 300 days of any viable adverse employment action that Plaintiff attributes to unlawful discrimination. ECF No. 52 at 16 – 21. As an alternative to the procedural bar argument, Defendant also argued that Plaintiff's FCRA claims in Counts I(A) and II(A) are barred because Plaintiff failed to file a charge of discrimination within 365 days of any viable adverse employment action that Plaintiff attributes to unlawful discrimination. Plaintiff failed to respond to this argument in her opposition memorandum. Consequently, Plaintiff has abandoned her disparate treatment claims under Title VII and the FCRA.[2]

### III. Plaintiff's conclusory claims in the declaration are insufficient for Plaintiff to survive summary judgment on any claim

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation omitted). "Summary judgment is proper if the pleadings,

---

[2] Plaintiff does concede that the denial of her third promotion attempt in 2023 is not properly before the Court.

depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bowen v. Manheim Remarketing, Inc.*, 882 F.3d 1358, 1362 (11th Cir. 2018).

Plaintff's opposition memorandum is essentially comprised of Plaintiff's conclusory statements set forth in a declaration. "[C]onclusory allegations without specific supporting facts have no probative value." *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000). "[O]ne who resists summary judgment must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial." *Id.* In the employment context, the Eleventh Circuit has held that general statements of discriminatory treatment of employees by the employer which are not substantiated by any facts should be disregarded as conclusory. *See Carter v. Three Springs Res. Treatment Ctr.*, 132 F.3d 635, 642 n.6 (11th Cir. 1998) (concluding that the district court properly disregarded affidavits submitted by the plaintiff containing conclusory and generalized allegations of racial bias such as the existence of "a racially hostile environment" or "a racially biased attitude by management towards minority black employees"); *Jones v. Spherion Atl. Enter., LLC*, 493 Fed. Appx. 6, 9 (11th Cir. 2012) (holding that broad, unqualified

4

observations about racism against Black women, unsupported by any specifics, did not create a question of material fact precluding summary judgment).

Plaintiff does not cite to any parts of materials in the record, nor does she submit any additional depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials to support her claims. The following are some examples of the unfounded, conclusory allegations in her declaration. Plaintiff claims that Defendant retaliated against her by modifying her teaching assignments, and that this retaliation spanned from 2016 to 2020. ECF No. 56-1 at 1 – 2. Plaintiff fails to provide any evidence of her protected activity on or before 2016, nor does she provide specifics regarding the modification of her assignments. Plaintiff states that she "notified HR that she believed she was being discriminated against based on her race and national origin," yet she provides no evidence to rebut Defendant's evidence that Plaintiff never filed a complaint with UF Human Resources alleging discrimination. *See* ECF 51-1, 114; ECF 51-10 ¶¶ 7, 9. Plaintiff alleges that she was "unofficially made aware" that none of her future promotion attempts would be successful, but fails to describe who told her this and when. ECF No. 56-1 at 8. Similarly, Plaintiff claims, without any evidentiary support, that UF "systematically applied higher and arbitrary standards to minority faculty, particularly to vulnerable groups such as Korean women professors, who are less likely to challenge these discriminatory practices," but

provides no evidence to support this claim. *Id.* at 8 – 9. Plaintiff took a number of depositions in this case of current and former UF employees, yet she does not cite to a single one of those depositions in her response.[3] Plaintiff's failure to support her response with evidence beyond her conclusory assertions precludes a finding of a genuine issue of material fact sufficient to survive summary judgment.

Further, Plaintiff's declaration does not address most of the facts put forward by Defendant in the Motion for Summary Judgment. Where an employer offers extensive evidence of legitimate, nondiscriminatory reasons for its actions, conclusory allegations by the plaintiff are insufficient to raise an inference of pretext. *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir.1996). An employee's mere suspicion of discrimination, unsupported by personal knowledge of discrimination, will not constitute pretext. *Sturniolo v. Sheaffer, Eaton, Inc.*, 15 F.3d 1023, 1026 (11th Cir. 1994). "A plaintiff is not allowed to recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer. Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason."

---

[3] Plaintiff took the depositions of the following current and former University of Florida employees – James Babanikos, Diane McFarlin, Myiah Hutchens, Chris Hass, Angel Kwolek-Folland, Marcia DiStaso, Joseph Glover, Hub Brown, and Spiro Kiousis.

*Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000).  Plaintiff's lack of evidence to support her declaration reduces her opposition memorandum to nothing more than simple quarreling with Defendant's business judgments, which is not sufficient to survive summary judgment.

In sum, Plaintiff has not come forward with circumstantial evidence for a reasonable factfinder to infer intentional discrimination based on her national origin or sex, or retaliation based on any protected activity.  *See Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).  Further, Plaintiff's assertions in her declaration, even if considered in full by the court, fall well short of supporting claims for hostile work environment or constructive discharge based on discrimination.

## IV.    Plaintiff never alleged a retaliatory hostile work environment claim

Plaintiff appears to argue a claim for retaliatory hostile work environment in paragraphs 16, 17, and 18 of her opposition memorandum.  Plaintiff never asserted a claim for retaliatory hostile work environment in her Second Amended Complaint.  Retaliatory hostile-work-environment claims are distinct from substantive hostile-work-environment claims. *Terrell v. Sec'y, Dep't of Veterans Affairs*, 98 F.4th 1343, 1355 (11th Cir. 2024).  The two causes of actions have different elements and different standards of proof.  *Id*.

In the order denying Defendant's motion to dismiss Plaintiff's Second Amended Complaint, the Court determined that although not raised as a separate claim in the pleading, Plaintiff sufficiently alleged a claim for substantive hostile work environment. ECF No. 29 at 7. However, at no point has a claim for retaliatory hostile work environment been alleged in this case. "[I]t is improper for a plaintiff to raise new claims through briefs opposing summary judgment." *Williams-Evans v. Advance Auto Parts*, 843 Fed. Appx. 144, 150 (11th Cir. 2021). Accordingly, the Court should not consider any claim for retaliatory hostile work environment.

### CERTIFICATION OF WORD COUNT

In accordance with Local Rule 7.1, I hereby certify that this document contains 1,656 words, excluding the case style, signature block, and certificate of service.

Dated this 17th day of September, 2024.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT P.A.

By: */s/ Todd A. Wright*
Michelle Bedoya Barnett
Florida Bar No. 0823201
E-mail: michelle.bartnett@adblegal.com
Todd A. Wright
Florida Bar No. 0071246
E-mail: todd.wright@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue

8

Jacksonville, FL 32204
(904) 345-3277 Telephone
(904) 345-3294 Facsimile

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of this filing to George Harth, Esq., P.O. Box 13115, Gainesville, FL 32604 (gharth@harth-law.com).

*/s/ Todd A. Wright*
Attorney